IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:25-CR-143 |
| MOHAMMAD SHARIFULLAH, | |
| *Defendant* | |

**THE UNITED STATES' MOTION TO SEAL**

The United States requests an order to seal its motion to extend CIPA Section 4 filing deadline because the motion includes sensitive information regarding the case status. The defendant, through counsel, does not oppose this motion and requests that it be sealed.

**I.   REASONS FOR SEALING**

1. On August 29, 2025, the United States filed a motion to extend the CIPA Section 4 filing deadline in this case.

2. The United States's motion contains information about the status of the case that could be problematic to both the United States and the defense if released publicly.

**II.   REFERENCES TO GOVERNING CASE LAW**

3. The Court has the inherent power to seal judicial documents. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). The trial court has supervisory

power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

### III.   PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL

6.   The government requests that its motion remain under seal until such time as the parties notify the Court that the motion should be unsealed.

7.   The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect both parties' interests in this matter. *Id*. ("[A]n alternative procedure like redaction would gut the documents substantially and render them useless to the public.") (quoting *E.W., LLC v. Rahman*, 2012 WL 3843657, at *3 (E.D. Va. Sep. 4, 2012)); *see also Glisson v. Hooks*, 2019 WL 2366470, at *3 ("Redaction is not an appropriate alternative, as it likely would require blacking out most of the report.").

WHEREFORE, the United States respectfully requests its motion to extend CIPA Section 4 filing be sealed.

Respectfully submitted,
Erik S. Siebert
UNITED STATES ATTORNEY

_____/s/_____
Michael P. Ben'Ary
John Gibbs
Assistant United States Attorneys
U.S. Attorney's Office, EDVA
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-2100
michael.benary@usdoj.gov

Ryan D. White
Trial Attorney
National Security Division, CTS