IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:25-CR-143 |
| | ) | |
| MOHAMMAD SHARIFULLAH | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL

Mohammad Sharifullah, through counsel, hereby moves the Court to order the U.S. government, including any entity thereof involved in communication with Pakistani representatives regarding the identification, location, and apprehension of Mr. Sharifullah, to provide documents and information in its custody or control related to:

(1) All U.S. efforts to obtain custody of Mr. Sharifullah or anyone else suspected of culpability in the attack at Abbey Gate at the Hamid Karzai International Airport on August 26, 2021, before January 20, 2025;

(2) U.S. efforts to obtain Mr. Sharifullah or anyone associated with the attack at Abbey Gate on or after January 20, 2025;

(3) U.S. involvement, if any, with Pakistan's identification, location, and/or seizure of Mr. Sharifullah and/or his family members; and

(4) Any communications between representatives of Pakistan and the United States (whether or not such communication involved non-U.S. or non-Pakistani intermediaries) regarding the arrest and seizure of Mr. Sharifullah and his family, and any subsequent communications regarding their detention, conditions of confinement, and any statements made by Mr. Sharifullah while in Pakistani custody.

**Argument**

The circumstances under which a criminal defendant is apprehended may be material to a criminal defendant's defense, particularly if it bears on "the manner in which a confession was obtained[.]" *Crane v. Kentucky*, 476 U.S. 683, 691 (1986). Moreover, information bearing on the "reliability of the investigation" and the government's failure to pursue other suspects is often directly material to a defendant's preparation of a defense. *Kyles v. Whitley*, 514 U.S. 419, 446 (1995) (collecting cases).

In this case, however, the government has provided almost no information about Mr. Sharifullah's identification, location, and apprehension. Indeed, on January 6, 2026, counsel wrote to government counsel and "request[ed] that the government provide [the defense] with all U.S. government communications with Pakistan regarding Mr. Sharifullah until his departure (with the FBI) on March 4, 2025."

The government did not respond to this request. The government has provided a video of a statement made by Mr. Sharifullah it received from Pakistan. The video, by all accounts, appears to contain a false confession by Mr. Sharifullah.

On March 27, 2026, however, less than one month before trial, the government disclosed an email from the lead FBI case agent, Austin Price, in which Mr. Price wrote: "In early 2025, [redacted] helped the [redacted] and Pakistan jointly locate and arrest a member of the HKIA attack cell named Mohammad Sharifullah, aka Jafar."

At the suppression hearing, Mr. Price declined to answer whether a U.S. entity assisted Pakistan in "jointly locat[ing] and arrest[ing]" Mr. Sharifullah because such information is classified.

Because potential U.S. involvement in the identification, location, and apprehension of Mr. Sharifullah is directly material to the preparation of Mr. Sharifullah's defense, we respectfully request that the Court order the U.S. government, or any entity thereof, to provide the requested information to the defense as soon as possible.

Dated: April 9, 2026.

Respectfully Submitted,

By Counsel,

_____/s/_____
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Lauren E. S. Rosen
VA Bar No: 98540
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0800
(703) 600-0880 (fax)
Lauren_Rosen@fd.org
Geremy_Kamens@fd.org