IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:25-cr-143-AJT |
| MOHAMMAD SHARIFULLAH, also known as "JAFAR," | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM REGARDING JURY VERDICT**

The jury found Sharifullah guilty of conspiracy to provide material support to a foreign terrorist organization but failed to reach a unanimous verdict as to the death-results element of the enhanced offense. At Sharifullah's request, the Court took the verdict and discharged the jury, resulting in a mistrial as to the enhanced death-results offense. The government, however, does not presently intend to retry just the death-results element. The Court should therefore proceed to sentencing on the conspiracy conviction. As to the enhanced death-results offense, the Court should formally declare a mistrial and dismiss the death-results allegation without prejudice.

**ARGUMENT**

**I. The death-results enhancement is an element of an aggravated offense.**

"Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). The death-results enhancement under § 2339B increases the statutory maximum from 20 years to life—and therefore is an offense element. *See* 18 U.S.C. § 2339B(a)(1); *see also, e.g.*, *Burrage v. United States*, 571 U.S. 204, 210 (2014) ("[T]he 'death results' enhancement . . . is an element that must be submitted to the jury and found beyond a reasonable doubt."). Sharifullah, moreover, agrees the "death-resulting" enhancement is an offense "element." ECF

No. 221 at 1. To acquit or convict, the jury therefore must be "unanimous[]" as to the death-results element. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 109-13 (2003).

## II. The jury's failure to reach unanimous agreement as to the death-results element results in mistrial on that enhanced offense, not acquittal.

Here, at Sharifullah's request and over the government's objection, the Court took the verdict and discharged the jury. The jury found Sharifullah guilty of material-support conspiracy but "DEADLOCKED" as to the death-results element. ECF No. 218. Caselaw makes clear that when a jury "announce[s] it ha[s] reached a unanimous decision on" a lesser offense but is "deadlocked" as to a greater offense, a court should "allow[] the jury to enter a verdict on" the lesser charge and "declare[] a mistrial on" the greater charge. *See, e.g.*, *United States v. Carothers*, 630 F.3d 959, 963 (9th Cir. 2011). Just so here.

*United States v. Williams*, for instance, addressed a similar deadlock regarding an enhancement for causing serious bodily injury. 449 F.3d 635, 645-46 (5th Cir. 2006). The Fifth Circuit explained that because the "'injury factors' are elements of greater aggravated offenses," a "deadlock on the injury factors" should be interpreted as "a conviction on a lesser offense and a 'hopelessly deadlocked' jury on the greater offense." *See id.* Similarly, the Second Circuit held that, even assuming "narcotics conspiracy" was a lesser included offense of "murder in the course of the narcotics conspiracy," the district court properly permitted retrial on the murder charge after a jury convicted as to the lesser offense but hung as to the greater. *United States v. Jackson*, 658 F.3d 145, 151-53 (2d Cir. 2011). The Supreme Court has come to the same place, holding that a jury's deadlock during the penalty phase of a capital trial "cannot fairly be called an acquittal" and only a "unanimous[]" finding by the jury "that Pennsylvania failed to prove any aggravating circumstances . . . would operate as an 'acquittal'" barring imposition of "the death penalty[] on

retrial." *Sattazahn*, 537 U.S. at 109-13.[1] All told, precedent dictates that deadlock as to an element of an aggravated offense results in a mistrial as to that element, not acquittal.

Further, by requesting the Court take the verdict—rather than continue deliberating, as the government advocated for—Sharifullah waived any challenge to the declaration of a mistrial. *See, e.g.*, *Sanders v. Easley*, 230 F.3d 679, 685 (4th Cir. 2000) ("if a defendant requests or consents to a mistrial, the Double Jeopardy Clause will not bar retrial unless the prosecutor has engaged in conduct intended to provoke the mistrial request"); *Ham*, 58 F.3d at 83 ("a defendant impliedly consents to a mistrial" by "his failure to object to the district court's dismissal of the jury"). The Court should therefore formally declare a mistrial as to the aggravated death-results offense.

## III. The Court should dismiss the death-results allegation without prejudice and proceed to sentencing on the material-support conspiracy conviction.

The government does not intend to retry just the death-results element at this time and therefore requests that the Court dismiss the death-results allegation without prejudice. *See* Fed. R. Crim. Proc. 48(a). The government's power to dismiss under Rule 48(a) extends to "a single count—or a portion of a count." *United States v. Kellam*, 568 F.3d 125, 133 n.10 (4th Cir. 2009). The Court "must grant the government's Rule 48(a) motion" to dismiss without prejudice "unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *See, e.g.*, *United States v. Goodson*, 204 F.3d 508, 512-13 (4th Cir. 2000); *United States v. Smith*, 55 F.3d 157, 159 (4th Cir.

[1] Similar examples abound. *See, e.g.*, *United States v. Merlino*, 310 F.3d 137, 142-43 (3d Cir. 2002) (holding that jury's checking of "'Not Proven'" for racketeering acts did not constitute acquittal where judge erroneously instructed jury it could check "'Not Proven'" if it failed to "'come to a unanimous decision'"); *United States v. Bordeaux*, 121 F.3d 1187, 1193 (8th Cir. 1997) (permitting retrial after jury convicted of lesser offense but hung as to greater); *United States v. Ham*, 58 F.3d 78, 85 (4th Cir. 1995) (holding that "jury's failure to check a [RICO] predicate act" did not "constitute an implied acquittal of that act").

1995) ("A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."); *United States v. E. Mental Health, LLC*, No. 7:18-cr-27, 2018 WL 5928059, at *3 (W.D. Va. Nov. 13, 2018) ("Since the government filed a Rule 48(a) motion and there is no suggestion of bad faith, the court 'must grant' that motion and dismiss [the] indictment without prejudice.").

The government requests dismissal without prejudice for an unquestionably permissible purpose, preserving its ability to retry the entire case in the event an appellate court vacates the conspiracy conviction. Both paths the government typically follows in these circumstances underscore the propriety of the government's approach: First (as the government seeks to do here), it generally dismisses the count or counts on which the jury split without prejudice under Rule 48(a). The government's motivation is so clearly in good faith and dismissal without prejudice so routine that reported opinions virtually never result. *See, e.g.*, *United States v. Wyatt*, No. 1:16-cr-57 (D. Colo. Mar. 14, 2017), ECF Nos. 126 at 1; 127 (granting motion to dismiss deadlocked counts without prejudice where government noted it "would have the right to bring those charges again" "[i]f the defendant chooses to appeal and is successful"); *United States v. Whittemore*, No. 3:12-cr-58 (D. Nev. Sept. 16, 2013), ECF Nos. 181 at 3-4; 195 at 17-18 (same). Second, rather than dismissing without prejudice, the government sometimes seeks an open-ended Speedy Trial Act continuance as to the hung counts pending resolution of the defendant's appeal of the counts of conviction. Courts invariably "find that the ends of justice" support such continuances "until after defendant's appeal is decided." *See, e.g.*, *United States v. Sandford*, 293 F. Supp. 3d 370, 374-76 (W.D.N.Y. 2018) (collecting cases). Both approaches demonstrate the government's motion to dismiss without prejudice is made in "'good faith,'" so this Court "must grant" it. *See Goodson*, 204 F.3d at 512-13.

## CONCLUSION

For the foregoing reasons, the Court should declare a mistrial as to the enhanced death-results offense, dismiss that allegation without prejudice, and proceed to sentencing on the conspiracy to provide material support to a foreign terrorist organization conviction.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

By: /s/

John T. Gibbs
Virginia Bar Number 40380
Avi Panth
Virginia Bar Number 92450
Reed Sawyers
D.C. Bar Number 90018498
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3982
John.Gibbs@usdoj.gov

John A. Eisenberg
Assistant Attorney General for National Security

Ryan D. White
D.C. Bar Number 1655918
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, D.C. 20530
Phone: (202) 514-0849
Fax: (202) 514-8714
Ryan.White@usdoj.gov